■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BOCCIO, Appellant. — Appeals by defendant from four judgments of the Supreme Court, Richmond County (Felig, J.), all rendered May 10, 1983, convicting him of burglary in the second degree, criminal possession of stolen property in the second degree, grand larceny in the third degree, criminal mischief in the fourth degree (three counts), burglary in the third degree (three counts), petit larceny, and possession of burglar's tools, upon nonjury verdicts, and imposing sentences.

Judgments affirmed.

Criminal Term did not err in denying defendant's motion to suppress the self-incriminatory statements which he made to the police. Defendant, who was thoroughly familiar with the criminal justice system, uttered these statements after knowingly and voluntarily waiving his constitutional rights to remain silent and to have an attorney present during questioning, and not in response to improper police activity (see *People v Lopez,* 95 AD2d 241; *People v Crosby,* 91 AD2d 20, mot for lv to app den 59 NY2d 765; *People v Perry,* 77 AD2d 269).

Moreover, defendant's contention, raised for the first time on appeal, that his parents did not possess the requisite authority to consent to a warrantless search of his bedroom, which was located within their home, is without merit (see *People v Cosme,* 48 NY2d 286; *People v Moorer,* 58 AD2d 878).

Finally, under the circumstances herein, including defendant's second felony offender status, the sentences imposed were not improper or an abuse of discretion (see *People v Suitte,* 90 AD2d 80). O'Connor, J. P., Weinstein, Lawrence and Eiber, JJ., concur.