■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELI RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered August 31, 1981, convicting him of murder in the second degree (two counts), and robbery in the first degree, upon a jury verdict, and imposing two indeterminate terms of imprisonment of 25 years to life, and an indeterminate term

of imprisonment of 8⅓ to 25 years, all terms of imprisonment to run concurrently with each other.

Judgment affirmed.

The trial court did not err in denying a hearing to determine the merit of the defendant's claim that both he and his attorney had been promised by the prosecution that the People would recommend a maximum sentence of 20 years to life if he were to remain in the case as a codefendant and not plead guilty. There is no basis for judicial recognition of the terms of an agreement between the defendant and the prosecutor "until it is concluded by entry on the record" (see, People v Hood, 62 NY2d 863, 865; People v Frederick, 45 NY2d 520, 528). The pretrial and trial minutes are devoid of any mention of an actual and final understanding between counsel regarding a sentencing recommendation in exchange for the defendant not exercising his statutory right to enter a plea of guilty to the entire indictment (see, CPL 220.60 [1]; 220.10 [2]). As the promise sought to be enforced by the defendant does not appear on the record, it was unnecessary to hold a hearing to determine whether such a promise existed (see, Matter of Benjamin S., 55 NY2d 116, 121, rearg denied 56 NY2d 570). Furthermore, the prosecutor's concession at sentencing that there was some conversation between him and defense counsel during the course of the trial concerning a sentence recommendation does not warrant a contrary result. The fact remains that no record was made of an actual understanding between counsel. Consequently, there is no basis for concluding that such an understanding existed (see, People v Piccolo, 56 AD2d 804).

We further reject the defendant's contention that the sentences imposed were unduly harsh and excessive. The trial court properly exercised its discretion in imposing the sentences in light of the brutal nature of the crime, the defendant's prior criminal record, and his apparent lack of remorse (see, People v Suitte, 90 AD2d 80). The defendant asserted no circumstances which would justify a reduction of the sentence (see, People v McDermott, 89 AD2d 748). Mangano, J. P., Rubin, Eiber and Kooper, JJ., concur.