■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLEE COMER, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Juviler, J.), rendered February 18, 1986, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal the defendant argues that the People failed to disprove his defense of justification beyond a reasonable doubt *(see, People v Reyes,* 116 AD2d 602, *lv denied* 67 NY2d 949). The complainant, Charles Briggs, testified that the defendant attacked him with a razor after Briggs had verbally abused him. The defendant alleged that it was Briggs who initially attacked him with a stickball bat and he used the razor in self-defense. These contradictory versions of the incident placed in issue the credibility of these two witnesses.

Determination of the credibility of witnesses is a matter primarily for the jurors *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Di Girolamo,* 108 AD2d 755, *lv denied* 64 NY2d 1133) due to their ability to see and hear the witnesses *(see, People v Bigelow,* 106 AD2d 448, 450). The account given by the complainant and obviously believed by the jury was sufficient to disprove the defense of justification beyond a reasonable doubt *(see, People v Fleming,* 134 AD2d 610).

The defendant's claim that it was error for the prosecutor to question him about his failure to contact the police with his exculpatory version of the incident is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Harrington,* 128 AD2d 726). It was wrong for the prosecutor to suggest that because the defendant was the person on trial, evidence of his past criminality could be used as proof of guilt *(see, People v Resnick,* 133 AD2d 237). However, the court gave prompt curative instructions and admonished the prosecutor to keep his summation within proper bounds. In light of the trial court's prompt and emphatic curative instructions, these and the other alleged errors committed during summation did not deprive the defendant of a fair trial *(see, People v Galloway,* 54 NY2d 396; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837) and, therefore, reversal is not warranted. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.