■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BADLEY, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Agresta, J.), rendered August 9, 1984, convicting him of robbery in the first degree (two counts), rape in the first degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence and (2) a judgment of the same court (Dunkin, J.), rendered July 3, 1985, convicting him of murder in the second degree (two counts) and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Pitaro, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony and physical evidence.

Ordered that the judgments are affirmed.

The defendant initially challenges the denial of suppression of the silver revolver recovered upon his arrest, claiming that there was no probable cause for his arrest since he was identified not by the victim of the robbery but by her boyfriend who was not an eyewitness. The record reveals that the arresting officer received two radio communications directing him to meet a female complainant at 84th Drive and Queens Boulevard in connection with the perpetrator of a prior armed robbery who was a male black wearing a beige jacket and grey pants walking north on 84th Drive followed by a male white. When the officer arrived at the location he was approached by a white male (the victim's boyfriend) who testified at the hearing that he identified himself as the caller, pointed to a black man about one-half block north and advised that he might be armed. The officer approached the man, later identified as the defendant, with his gun drawn, ordered him to place his hands on a fence, and frisked him. While we agree

with the defendant that his initial detention constituted an arrest *(see People v Brnja,* 50 NY2d 366), we find that it was supported by probable cause. The complaining witness testified that she spotted the defendant on the street and that her boyfriend reported her observation to the police on her behalf. Moreover, the specific information which was conveyed over the police radio matched the officer's observations at the designated location. The identification of the defendant by the victim's boyfriend at the scene confirmed the accuracy of the radio bulletin and provided additional evidence of its reliability.

Next, contrary to the defendant's contention, we agree with the hearing court that the identification procedures used by the police were in all respects fair and proper and were not contaminated by the detective's remark that a suspect was in the lineup *(People v Rodriguez,* 64 NY2d 738). Equally unavailing is defendant's contention that the search warrant was improperly issued. The facts set forth in the application for the warrant were obtained from personal interviews with certain complainants, and from police reports based on personal interviews with other complainants. Accordingly, the Judge signing the warrant had sufficient grounds to conclude that the informants were reliable and that the information was credible *(United States v Ventresca,* 380 US 102; *People v Cantre,* 95 AD2d 522, *affd* 65 NY2d 790). Further, we find that there was a substantial basis upon which to reasonably conclude that the defendant's black coat would be found at his residence *(People v Marinelli,* 100 AD2d 597).

The defendant argues that both jury verdicts were against the weight of the evidence. We disagree. Upon the exercise of our factual review power, we are satisfied that the verdicts were not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur.