■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY CISCO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered March 4, 1987, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant stands convicted of murder in the second degree and criminal possession of a weapon in the second degree based upon an incident wherein he shot the victim following a brief argument concerning a drug transaction. During the course of the suppression hearing, the arresting officer testified that the defendant was on the front porch of his home, with his mother, when he was arrested. The defendant's mother, however, testified that she had invited the police into the home and that the defendant was arrested inside the premises.

The defendant, on appeal, challenges the propriety of the warrantless arrest. Initially, we note that the police had probable cause to arrest the defendant based upon information supplied by an eyewitness to the crime (see, *People v Mercado,* 68 NY2d 874; *People v Bigelow,* 66 NY2d 417; *People v Landy,* 59 NY2d 369; *People v McRay,* 51 NY2d 594). Additionally, we conclude that no warrant was necessary to effectuate the arrest since the defendant was outside the home when confronted by the police (see, *People v Jones [Henry],* 150 AD2d 496). Even if we were to credit his mother's testimony that the defendant was inside her home when arrested, a warrant was not required since the mother testified that the police entered the home with her consent (see, *People v Olkoski,* 131 AD2d 706; *People v Messam,* 112 AD2d 449; *People v Boccio,* 107 AD2d 816).

The defendant also contends that he was deprived of a fair trial by virtue of improper remarks made by the prosecutor during summation and cross-examination. The defendant, however, did not object to any of the transgressions now alleged and thereby failed to preserve the issue for appellate review (CPL 470.05 [2]; see, *People v Comer,* 137 AD2d 545; *People v Munoz,* 134 AD2d 532). In any event, to the extent that the prosecutor did exceed the bounds of proper comment, we find that a reversal of the conviction is not warranted in the exercise of our interest of justice jurisdiction in view of the overwhelming proof of the defendant's guilt.

We have examined the defendant's remaining contentions, including his challenge to the propriety of the sentence, and find them to be without merit. Lawrence, J. P., Kunzeman, Eiber and Harwood, JJ., concur.