**40** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR COLON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered February 17, 1988, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested as a result of a so-called "buy and bust" operation. An undercover officer testified that the defendant sold her two vials of the type of cocaine known as "crack". Upon his arrest, minutes after the sale, the defendant was found possessing another vial of crack. The defendant now claims that a new trial is warranted because of alleged instances of prosecutorial misconduct, errors in the jury charge, and the submission of an improper verdict sheet. We disagree.

With respect to two of the prosecutor's summation remarks, the trial court's prompt curative instruction cured any possible prejudice *(see, People v Galloway,* 54 NY2d 396; *People v Comer,* 137 AD2d 545). The other claimed instances of prosecutorial misconduct were not preserved for appellate review (CPL 470.05 [2]; *People v Cisco,* 155 AD2d 682; *People v Booker,* 145 AD2d 564; *People v Corley,* 140 AD2d 536). The defendant also failed to preserve for appellate review his objections to the jury charge and the verdict sheet (CPL 470.05 [2]; *People v Hatzpavlou,* 157 AD2d 852; *People v Lugo,* 150 AD2d 502; *People v Udzinski,* 146 AD2d 245, 248-252; *People v Rodriguez,* 144 AD2d 598). In light of the overwhelming evidence of guilt, we decline to address any of these issues in the exercise of our interest of justice jurisdiction *(see, People v Lugo, supra; People v Rodriguez, supra; People v Williams,* 138 AD2d 430).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Sullivan and Balletta, JJ., concur.