■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE CUFFIE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered March 27, 1989, convicting him of robbery in the first degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On July 22, 1988, at approximately 10:00 A.M., the complainant was robbed of her jewelry at gunpoint as she waited for a train on the nearly deserted, elevated platform of her local subway station. The complainant, who was a high school student at the time of the incident, was crying and upset and immediately reported the incident to the token booth clerk, who called the police. A man at the subway station, who did not witness the robbery, offered to help the complainant, saying he had seen the defendant run away. After the police drove her home, the complainant and this individual walked around the neighborhood looking for the defendant, who the

individual stated he knew from the neighborhood. The complainant spotted the defendant in the street approximately two hours after the robbery, attempting to sell her earrings. The defendant was wearing a cap and a shirt and shoes different in color from those that the complainant had initially described to the police. The complainant's companion forcibly restrained the defendant until the police arrived. Although the complainant initially described her companion as a relative and friend and gave his name to the police, at trial she testified she did not know him. He was not produced as a witness. The People conceded that the complainant would not cooperate to identify or locate him. We disagree with the defendant's contention that the evidence, legally and factually, fails to support his conviction. The complainant had ample opportunity under good conditions to observe the defendant for 5 to 10 minutes, both before and during the robbery. When a witness positively identifies a person as the perpetrator of a crime, the weight of the evidence of identification is a question primarily for the fact finder unless it is incredible as a matter of law *(Matter of Ryan W.,* 143 AD2d 435, 436). The complainant's identification of the defendant on the street and at trial was unequivocal and minor inconsistencies in her testimony fail to provide a reason to overturn the jury's determination that she was credible *(see, People v Brown,* 117 AD2d 741).

The trial court's prompt curative instructions negated any possible prejudice caused by the prosecutor's allegedly improper summation remarks *(see, People v Galloway,* 54 NY2d 396; *People v Colon,* 159 AD2d 582). The defendant's claim to the contrary is belied by the failure of his trial counsel to either express dissatisfaction with the court's curative instructions, or move for a mistrial on this ground *(see, People v Robinson,* 159 AD2d 598).

We reject the defendant's contention that the trial court improperly denied his request for a missing witness charge. It is well established that the party seeking a missing witness charge has the burden of establishing that the uncalled witness is knowledgable about a material issue upon which evidence is already in the case, would naturally be expected to provide noncumulative testimony favorable to the party who should have called him, and is available to that party *(see, People v Dianda,* 70 NY2d 894; *People v Paulin,* 70 NY2d 685; *People v Gonzalez,* 68 NY2d 424, 427). We conclude that the defendant did not meet this burden, as he failed to demonstrate that the uncalled witness was available to the People,

despite their efforts to locate him *(cf., People v Gonzalez, supra)* or was under their control. Furthermore, although the uncalled witness had relevant information, he did not witness the robbery, and thus his testimony was not material to the complainant's identification of the defendant.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.