■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BILSKI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered January 11, 1990, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

We agree with the hearing court that the police had probable cause to arrest the defendant. According to the evidence adduced at the hearing, Felix Delapuente observed the defendant and codefendant Susan Murillo open the door of his car, which had been stolen from his driver, Joseph D'Souza, during

a knifepoint robbery, and sit down inside it. They told Delapuente that it was the defendant's car because the defendant had the keys. When Delapuente advised the defendant that the car had been reported stolen and that the police had been called and were on their way, the defendant and Murillo left on foot. When a police car arrived a few moments later, Delapuente got into the car to canvass the area and gave the officer a brief description of the defendant and Murillo. After driving three or four blocks, Delapuente spotted the defendant and Murillo and pointed them out to the officer, stating, "they were the ones, they opened the door of the car and they tried to take the car away". Because the statement of Delapuente, an identified citizen who was an eyewitness to a crime is assumed to have veracity, and since the basis of his knowledge that his car had been stolen is unquestioned, the police, based on Delapuente's information, had probable cause to arrest the defendant (see, People v Cantre, 65 NY2d 790; People v Cisco, 155 AD2d 682, 683; see also, People v Badley, 147 AD2d 578, 579). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the knives seized at the time of his arrest.

The defendant's further claim that the court should have defined "dangerous instrument" in its jury charge, not having been requested at trial, has not been preserved for appellate review (see, CPL 470.05 [2]). In any event, the court did so during its charge on robbery in the first degree.

We also find that the trial court properly exercised its discretion in imposing the instant sentences in light of the nature of the crime, the defendant's prior record and his apparent lack of remorse (see, People v Rodriguez, 123 AD2d 404, 405; see also, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Harwood and O'Brien, JJ., concur.