■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT NEWTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered August 13, 1990, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's contentions, the hearing court properly concluded that his arrest was supported by probable cause. A review of the record reveals that the defendant was placed under arrest after an off-duty Corrections Officer informed several police officers that the defendant had assaulted him. It is well settled that information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest (see, e.g., People v Bilski, 170 AD2d 517; People v Grams, 166 AD2d 717; People v Bero, 139 AD2d 581, 584; People v Phillips, 120 AD2d 621; People v Tidwell, 122 AD2d 289). The hearing court was in a position to hear and see the witnesses testify, and its decision to credit the People's witnesses is neither erroneous as a matter of law nor contrary to the weight of the evidence (see, People v Prochilo, 41 NY2d 759; see also, People v Foster, 173 AD2d 841; People v Francois, 155 AD2d 685; People v McEachin, 148 AD2d 551; People v Singletary, 135 AD2d 757).

The defendant's remaining contentions are either unpreserved for appellate review or lacking in merit (see, e.g., People v Beltraz, 165 AD2d 745, 746; People v Beckwith, 163 AD2d 863; People v Tyson, 160 AD2d 826). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.