■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BOYKIN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered March 9, 1990, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On December 13, 1988, at approximately 6 P.M., Police Officer Nicholas Nicastro and his partner, Officer Nicholas Maffei, were in uniform on patrol in a marked police vehicle in Yonkers. When they arrived at the vicinity of South Broadway and Highland Avenue they were flagged down by the complainant. The complainant told them that he was robbed at knifepoint on Elliot Avenue. He also stated that the

assailants were walking northbound on South Broadway. He then got into the police vehicle and they canvassed the area for his assailants. About 45 seconds later, and a few blocks away, the complainant pointed out to the officers two men who he identified as having robbed him. The officers then pulled up in front of the defendant and codefendant and placed them under arrest.

The defendant contends that the police did not have probable cause to arrest him. We disagree. Because the statement of the complainant, an identified citizen, is assumed to have veracity, the police, based on the complainant's information, had probable cause to arrest the defendant *(see, People v Bilski,* 170 AD2d 517; *People v Gonzalez,* 138 AD2d 622).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.