■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD BURTON, Appellant. [599 NYS2d 108] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered July 23, 1991, convicting him of robbery in the first degree and assault in the first degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 12½ to 25 years imprisonment and 7½ to 15

years imprisonment respectively, imposing a mandatory surcharge of $150, and directing the payment of restitution in the amount of $300.

Ordered that the judgment is modified, on the law, by deleting the provision thereof relating to the imposition of the mandatory surcharge; as so modified, the judgment is affirmed.

Viewing the evidence in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that the victim police officer's opportunity to observe the defendant in the well-lit street from approximately one foot away during a brutal attack and the officer's unequivocal in-court identification were legally sufficient to establish the defendant's identity beyond a reasonable doubt (see, People v Mouchette, 192 AD2d 561; People v Caballero, 177 AD2d 496). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant also contends that he was deprived of his right to a public trial (see, People v Jones, 47 NY2d 409, cert denied 444 US 946) when the trial court sealed the courtroom during the testimony of certain undercover officers. We decline to reach the merits of this issue since it was not properly preserved for appellate review (see, CPL 470.05 [2]; People v Pollock, 50 NY2d 547, 550; People v Brown, 188 AD2d 540; People v Glaude, 176 AD2d 346; People v Baez, 162 AD2d 602, 602-603).

The defendant contends that there was no probable cause to arrest him. It is well settled that information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest (see, People v Newton, 180 AD2d 764; People v Bingham, 176 AD2d 740). The record reveals that immediately after the attack, a detective spoke to two identified witnesses who placed the defendant at the scene as one of the attackers and provided the detective with the defendant's nickname and address. Subsequent investigation revealed the defendant's true full name and he was eventually arrested. Under these circumstances, there was probable cause to arrest the defendant.

The sentence imposed was neither unduly harsh nor excessive (see, People v Suitte, 90 AD2d 80). However, as conceded by the People, the imposition of the $150 mandatory surcharge in addition to the order of restitution was improper

*(see, People v Turco,* 130 AD2d 785, 788). Balletta, J. P., Rosenblatt, Miller and Joy, JJ., concur.