OPINION OF THE COURT
David Stadtmauer, J.
Defendant, indicted for murder in the second degree, moves *241 to suppress identification testimony on the grounds that there was no probable cause for the police to arrest him and that the subsequent identification procedure was, therefore, illegal.
On September 13, 1991, Gardener Wilson was murdered. Two persons witnessed the event: the girlfriend of the deceased and an apparently disinterested person who happened to be at the scene.
Some six weeks later, at five minutes before midnight, Detective McCarthy answered his telephone at the 44th Precinct. The caller identified herself as the sister of "Jane Doe” (fictitious name) and said that the person who shot and murdered Gardener Wilson was on the corner of 169th Street and Walton Avenue wearing a red, hooded sweatshirt and beige pants. Detective McCarthy took the caller’s name and telephone number and told her to wait at that telephone and that he would call her back. He then proceeded immediately with another detective to the location in question, apprehended the defendant and brought him to the precinct. The defendant was photographed and sequestered in an office while Detective McCarthy called back the informant and told her to come to the precinct. She arrived with her sister, "Jane Doe”, within an hour of the defendant’s seizure. At that time, Detective McCarthy learned for the first time that "Jane Doe” and not the caller, was the witness to the crime, and that the caller acted at the request of the actual eyewitness. "Jane Doe”, the eyewitness, was then shown 10 photographs of persons with similar characteristics and immediately selected the defendant. The next day, two lineups were conducted and "Jane Doe” and the other independent witness both identified the defendant.
It is the position of the defense that the information conveyed to the police by the caller was too sparse to authorize a warrantless arrest and that Detective McCarthy should have done more to ascertain the basis of the informant’s knowledge before acting. Defendant urges that since the information was hearsay, it did not satisfy the standards of reliability set forth in Aguilar v Texas (378 US 108) and Spinelli v United States (393 US 410).*
*242 Probable cause for a warrantless arrest may be based on hearsay information but only upon a showing that both the "basis of knowledge” and "veracity” components of the Aguilar/Spinelli test have been met (People v DiFalco, 80 NY2d 693).
In this case, the basis of knowledge is the information supplied by "Jane Doe” to the informant. The informant herself, while not a witness to the crime, received the information from the eyewitness to the crime. Detective McCarthy, however, was under the impression that the caller was an eyewitness. Having drawn that conclusion, he acted. The court finds that it was reasonable for him to do so in light of the specificity of the details of the crime.
In People v DiFalco (supra), the Court of Appeals carefully analyzed the standards of reliability which it would require where the police grounded their acceptance of the informant’s basis of knowledge solely upon the data supplied and the words used by the informant. It held that "[i]t is reasonable, in that situation, to require that at least some of the details in the informant’s statement be of criminal activities showing that the source had firsthand knowledge of the criminal endeavor” (at 698). Here, the informant knew there had been a homicide and that the death resulted from a shooting; she also knew the name of the victim and mentioned it to the police. All of these details were previously known to the police and were corroborative of the underlying crime. The "witness” was now also supplying the whereabouts and description of the alleged killer — and, in the view of the court, all these details were sufficient to satisfy the requirements of Aguilar/ Spinelli.
Nor is this finding in any way lessened by the fact that it was ultimately discovered that the informant-caller was not the actual witness. In DiFalco (supra), the Court defined the nature and quality of the corroboration necessary for establishing the informant’s basis of knowledge, stating that "when the informant’s basis of knowledge is established from the informant’s statement alone [corroboration] is * * * in actuality, nothing more than the effect or impression on the arresting officer * * * created by the accumulation and quality of details in the information furnished by the informant” (at 697-698). Viewed in that context, it makes no difference whether the policeman actually spoke to or was under the impression that he was speaking with the eyewitness.
*243 With respect to the "veracity” requirement of Aguilar/Spinelli, the caller in this case identified herself and gave information as to how she could be reached. "It is well settled that information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest.” (See, People v Newton, 180 AD2d 764, and cases cited therein; People v Cruz, 149 AD2d 151, 157.)
In addition, not to be overlooked is the speed with which the police obtained a confirmatory identification from the eyewitness. The defendant was in detention for only one hour before the witness "Jane Doe” selected his photograph from the group of 10 photographs she was asked to view. The Court in DiFalco (supra, at 699) defined the basic purpose of these safeguards as "guarding against 'the informant’s guile, gregariousness or gullibility [which] may cause him to pass on unreliable or even deliberately false information’ ” (citing People v Elwell, 50 NY2d 231, 237). The prompt action of the police in this case assured the fulfillment of these safeguards.
Accordingly, the court finds that the police had probable cause to make the arrest, and that the subsequent identification procedure was fairly and properly conducted. The motion for suppression is denied.

 Although the Aguilar-Spinelli standards set by the United States Supreme Court were modified to a "totality of circumstances” rule in Illinois v Gates (462 US 213), the Court of Appeals chose to adhere to the original, more stringent rules of Aguilar-Spinelli. (See, People v Johnson, 66 NY2d 398.)