■ JAMES EDWARD WILLIAMS, II, Appellant, v CITY OF NEW YORK, Respondent. [617 NYS2d 867] —In an action to recover damages, *inter alia,* for false arrest and false imprisonment, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Vinik, J.), dated May 11, 1992, which, upon a jury verdict in favor of the defendant, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The finding of probable cause to arrest the plaintiff was not against the weight of the evidence. A tenant in the plaintiff's building identified the plaintiff to the police as the landlord who had locked him out of his apartment. Despite the urgings of the police officers, the plaintiff refused to readmit the tenant to the building. In *People v Burton* (194 AD2d 683, 684) this Court held that "information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to

arrest" *(see also, People v Boykin,* 187 AD2d 661; *People v Newton,* 180 AD2d 764).

The plaintiff's reliance on *Smith v County of Nassau* (34 NY2d 18) is misplaced since in that case the identification of the accused was at issue. Where identification is not at issue, however, then probable cause is established by the information provided by the identified citizen. "A citizen's reliability, as differentiated from that of a paid or anonymous informant, is assumed, since he could be prosecuted if his report were a fabrication" *(People v Inman,* 80 AD2d 622).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Thompson, Sullivan and Miller, JJ., concur.