■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARIM HUNTER, Appellant. [633 NYS2d 40] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered January 31, 1994, convicting him of robbery in the second degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

We find unpersuasive the defendant's contention that the hearing court erred in denying those branches of his omnibus motion which were to suppress identification testimony and physical evidence. The record clearly demonstrates that the defendant's arrest was supported by probable cause, inasmuch as the complainant identified him to police as one of the robbers prior to the arrest (*see, People v Newton*, 180 AD2d 764). Moreover, the complainant's identification of the defendant was not the product of a suggestive police-arranged procedure, and the physical evidence recovered from the defendant's person at the time of his arrest was never introduced at trial.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see*, CPL 470.15 [5]).

However, we agree with the defendant that he is entitled to a new trial based on the court's error in discharging a sworn juror. CPL 270.35 permits a trial court to discharge a juror at any time after the trial jury has been sworn and before the verdict is rendered, *inter alia*, if the juror becomes unable to serve by reason of illness or other incapacity, becomes unavailable for any other reason, or is grossly unqualified. In this case, the court committed reversible error by dismissing a sworn juror notwithstanding the fact that, at the time of his discharge, the juror was neither unavailable nor grossly unqualified to serve on the jury. Accordingly, the defendant was deprived of his right to be tried by a jury in whose selection he had a voice (*see generally, People v Page*, 72 NY2d 69; *People v Buford*, 69 NY2d 290), and a new trial is necessary.

In light of the foregoing, we do not reach the defendant's remaining contentions. Sullivan, J. P., O'Brien, Copertino and Krausman, JJ., concur.