■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN MARTIN, Appellant. [634 NYS2d 147] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered November 17, 1993, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to establish probable cause for his arrest because the police relied upon hearsay information which did not satisfy the *Aguilar-Spinelli* test *(see, Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108). We find this contention to be without merit. "It is well settled that information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest" *(People v Burton,* 194 AD2d 683, 684; *see, People v Newton,* 180 AD2d 764; *People v Douglas,* 138 AD2d 731, 732). When the witness supplying information to the police is an identified citizen relating information about a crime the citizen personally observed, the People need not make an independent showing of the witness' reliability and basis of knowledge *(see, e.g.,*

*People v Rivera,* 210 AD2d 895; *People v Robbins,* 198 AD2d 451).

The evidence adduced at the suppression hearing established that the detective investigating the crime spoke to three civilian witnesses. Contrary to the defendant's contention, the record reveals that the witnesses' names were known to the police. The names were merely withheld during the suppression hearing, with the defendant's consent. From these witnesses, the detective learned that one of the perpetrators of the crime, known as Spooney, lived in a housing project on Blake Avenue and that he was 16 years old. One of the witnesses described Spooney's height, weight, haircut, facial hair, gold teeth, and thick eyebrows, and all three witnesses indicated that they knew Spooney prior to the crime.

The detective then learned through the Housing Police Department computer records that the defendant was known as Spooney. The defendant's address on Blake Avenue, his age, and physical description, as provided by the Housing Police, matched the information the detective had gathered on the individual named Spooney. Under the circumstances, there was probable cause to arrest the defendant *(see, People v Burton,* 194 AD2d 683, *supra).* The defendant's contention that the witnesses who provided information to the detective were not actual eyewitnesses to the crime is without merit inasmuch as the record reveals that two of these witnesses made lineup identifications of the defendant as a perpetrator of the crime.

We conclude that the defendant's remaining contentions are without merit. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.