■ In the Matter of VIVICA J., a Person Alleged to be a Juvenile Delinquent, Appellant. [645 NYS2d 327] —In a juvenile de-

linquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Martinez, J.), dated May 25, 1995, which, upon a fact-finding order of the same court, dated February 28, 1995, made after a hearing, finding that the appellant had committed an act, which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, adjudged her to be a juvenile delinquent and placed her on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated February 28, 1995, and the denial after a hearing of the appellant's motion to suppress physical evidence.

Ordered that the order is affirmed, without costs or disbursements.

The appellant contends that the Family Court should have found the testimony of the arresting police officer to be incredible and therefore granted her motion to suppress the weapons which a search of the appellant produced.

Much weight must be accorded the determination of the suppression court with its particular advantages of having seen and heard the witnesses *(see, People v Prochilo,* 41 NY2d 759). Issues of credibility are primarily for the hearing court and its findings should be upheld unless they are clearly erroneous *(see, People v Armstead,* 98 AD2d 726). In this case, the court's finding, crediting the testimony of the arresting officer was not clearly erroneous and thus no basis exists to disturb it on appeal.

Moreover, the information provided by the complainant was legally sufficient to provide the police with probable cause to arrest the appellant *(see, People v Burton,* 194 AD2d 683). Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.