■ MICHAEL F. CATANZARO et al., Appellants, v CITY OF MIDDLETOWN POLICE DEPARTMENT et al., Respondents. [650 NYS2d 598] —In an action to recover damages for false arrest and malicious prosecution, etc., the plaintiffs Michael F. Catanzaro and Marie Catanzaro appeal from (1) a decision of the Supreme Court, Orange County (DiBlasi, J.), dated June 28,

1995, and (2) a judgment of the same court, entered August 17, 1995, which, after a nonjury trial, is in favor of the defendants and against the plaintiffs dismissing the complaint.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The court properly dismissed the appellants' causes of action to recover damages for false arrest and malicious prosecution, as the arrest of Michael F. Catanzaro was supported by probable cause *(see, Holmes v City of New Rochelle,* 190 AD2d 713). "Probable cause exists when an officer has knowledge of facts and circumstances 'sufficient to support a reasonable belief that an offense has been or is being committed' " *(People v Maldonado,* 86 NY2d 631, 635, quoting *People v Bigelow,* 66 NY2d 417, 423; *People v McRay,* 51 NY2d 594, 602; *see, People v Matthews,* 222 AD2d 703; *People v Starr,* 221 AD2d 488). In the instant case, Michael F. Catanzaro was arrested after the complaining witness filed a sworn complaint with the defendant City of Middletown Police Department stating that Michael F. Catanzaro and Stephen Catanzaro, along with another man, broke into the complaining witness's apartment and assaulted him. This Court has held that " 'information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest' " *(Williams v City of New York,* 208 AD2d 919, 920; *People v Burton,* 194 AD2d 683, 684). Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.