■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH L. WASHINGTON, Appellant. [683 NYS2d 296] —White, J. Appeal from a judgment of the County Court of Broome

---

* Defendants are out on bail pending appeal.

County (Smith, J.), rendered October 30, 1997, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.

In the course of their investigation of an armed robbery that occurred in a boarding house in the City of Binghamton, Broome County, police obtained statements from the victim and three other individuals identifying defendant as one of the perpetrators. Based upon this information, as well as two positive photo array identifications, defendant was arrested and charged with two counts of burglary in the first degree, two counts of robbery in the first degree and four counts of criminal use of a firearm in the first degree. After County Court denied his ensuing motion to suppress several incriminating custodial statements, defendant pleaded guilty to the crime of attempted robbery in the first degree in full satisfaction of the indictment. Sentenced as a second felony offender to a determinate prison term of eight years, defendant appeals.

We affirm. Defendant maintains that County Court should have suppressed his inculpatory statements because the hearsay information provided by the victim and the other eyewitnesses was not sufficiently reliable to furnish probable cause for his warrantless arrest. We conclude that this argument, although properly preserved for our review, lacks merit. The suppression hearing evidence, including the arresting officer's testimony and four supporting depositions, indicates that a resident of the boarding house advised police that she permitted an unknown individual and another man that she knew as "Kenny" to enter the house. She overheard the ensuing robbery which, according to the victim and another eyewitness, occurred when a man named "Kenny", who fit defendant's description, entered the room and stole cash from the victim's pocket and tore four gold chains from his neck. The victim and another individual to whom defendant relayed details of the robbery later identified defendant from a photo array as "Kenny". While defendant correctly asserts that probable cause may not be premised upon hearsay information lacking indicia of reliability, the information relied upon here was based upon the personal knowledge of identified citizens and was therefore presumptively reliable (*see, People v Waite*, 243 AD2d 820, *lvs denied* 91 NY2d 882, 930; *Catanzaro v City of Middletown Police Dept.*, 233 AD2d 415; *People v Martin*, 221 AD2d 568, *lv denied* 87 NY2d 1021; *People v Burton*, 194 AD2d 683, *lv denied* 82 NY2d 752). Accordingly, we perceive no reason to disturb County Court's finding of probable cause.

Cardona, P. J., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.