■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SOTO, Appellant. [719 NYS2d 603] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered March 31, 1999, convicting him of attempted assault in the first degree (two counts), reckless endangerment in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), attempted intimidation of a witness in the first degree, attempted tampering with a witness in the first degree, and tampering with a witness in the fourth degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the police lacked probable cause to arrest him is without merit. It is well settled that information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest (see, People v Martin, 221 AD2d 568; People v Burton, 194 AD2d 683). Since the complainant had known the defendant for several years, the complainant's identification of the defendant as one of the shooters was sufficient to establish probable cause (see, People v Martin, supra; People v Rodriguez, 168 AD2d 520). Accordingly, the County Court properly denied that branch of the appellant's omnibus motion which was to suppress physical evidence.

Krausman, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.