■ The People of the State of New York, Respondent, v Edward Timberlake, Appellant. [752 NYS2d 315] —Judgment, Supreme Court, New York County (Micki Scherer, J., at suppression motion; William Leibovitz, J., at jury trial and sentence), rendered May 15, 2001, convicting defendant of burglary in the first degree (two counts), robbery in the first degree and robbery in the second degree (two counts), and sentencing him, as a second violent felony offender, to an aggregate term of 13 years, unanimously affirmed.

Defendant's severance motion made pursuant to *Bruton v United States* (391 US 123) was properly denied. Defendant's right to confrontation was not violated by the admission of the

codefendant's redacted confessions which substituted the words "guy," "another guy," or "one of the guys" for the names of participants in the crime. Under the circumstances of the case, these redactions were effective in protecting defendant's right of confrontation (*see Richardson v Marsh*, 481 US 200), particularly because the jury heard testimony that in addition to defendant and his codefendant there were at least two other participants in the crime, and there was nothing that would signal the jury that any of these redactions referred to defendant (*see People v Adams*, 225 AD2d 506, *lv denied* 88 NY2d 932). Similarly, there was nothing in the physical form of the redactions made upon the codefendant's written statement, which was received in evidence, that would lead the jury to infer that it was defendant's name that had been redacted (*compare Gray v Maryland*, 523 US 185). In any event, were we to find that the redactions were ineffective, we would find the error to be harmless beyond a reasonable doubt given the overwhelming evidence of defendant's participation in the crime, even without reference to his own confession, as well as the court's appropriate instructions to the jury (*see People v Hamlin*, 71 NY2d 750, 758-759).

The suppression court, adopting the findings of fact and conclusions of law made by a judicial hearing officer, properly concluded that defendant's identification and statement were not fruits of an unlawful seizure. The police had probable cause to arrest defendant (*see People v Bigelow*, 66 NY2d 417, 423), or, at the very least, reasonable suspicion upon which to detain him for a prompt identification by the victim (*see People v Hicks*, 68 NY2d 234). Although the non-English-speaking, visibly injured victim had to resort to pantomime, he unmistakably conveyed to the officer at the scene that he had just been assaulted by defendant. The other officers who subsequently apprehended the fleeing defendant were clearly justified in concluding that defendant was the person described in the first officer's radio transmission. Defendant was apprehended in very close spatial and temporal proximity to the crime, met a limited description of a person running at the described location, was the only thus-described person present, and was running while looking behind him in a furtive manner. Given all these factors, any discrepancy as to his direction of flight was insignificant. Concur—Williams, P.J., Mazzarelli, Buckley, Friedman and Marlow, JJ.