■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN GRIFFIN, Appellant. [790 NYS2d 494]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered November 28, 2001, convicting him of burglary in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The hearing court properly found that the police had probable cause to arrest the defendant. Information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest (*see People v Soto,* 279 AD2d 592 [2001]; *People v Burton,* 194 AD2d 683 [1993]). Here, a witness told the police she had purchased stolen property from the defendant, whom she had known for years, and provided a detective with his nickname and general description, leading to his arrest.

The defendant's claim that the evidence was legally insufficient to establish his guilt of burglary in the second degree and criminal possession of stolen property in the fifth degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Schmidt, J.P., Santucci, Crane and Skelos, JJ., concur.