■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL YOUNG, Appellant. [827 NYS2d 126]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered August 3, 2004, convicting defendant, after a jury trial, of robbery in the first degree and attempted robbery in the first degree, and sentencing him, as a second violent felony offender, to consecutive terms of 20 years and 15 years, respectively, and judgment, same court (Richard D. Carruthers, J.), rendered June 29, 2005, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 10 years, consecutive to the previously imposed sentences, unanimously affirmed.

Defendant was convicted, at two separate trials, of different counts of the same indictment. At the first trial, the court properly granted the People's *Batson* application (*Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). The record supports the court's finding of pretext with regard to the juror at issue and there is no basis for disturbing the court's determination, which essentially involved a credibility assessment of defense counsel (*see People v Hernandez*, 75 NY2d 350, 356-357 [1990] *affd* 500 US 352 [1991]). Although defense counsel claimed that the juror's pregnancy might have made her emotional, counsel never questioned the juror about the effects of her pregnancy, or anything else (*see People v Kendall*, 27 AD3d 355 [2006], *lv denied* 6 NY3d 895 [2006]; *People v McNair*, 26 AD3d 245, 246 [2006], *lv denied* 6 NY3d 896 [2006]). Furthermore, the juror never indicated that she thought her pregnancy might affect her ability to serve. Contrary to defendant's argument, the record establishes that the court made a step-three finding of pretext, and that it did not rule that pregnancy was a discriminatory reason as a matter of law. The court expressly decided (*see* CPL 470.05 [2]; *compare People v Chavis*, 91 NY2d 500, 506 [1998]), that the reason provided by counsel was gender-neutral, but pretextual.

With respect to the second trial, the court properly denied defendant's motion to suppress identification evidence. The People met their burden of establishing the circumstances of a lineup through the testimony of the detectives who conducted it, and were not required to call as a witness the person who interpreted for the victim (*see People v Jackson*, 17 AD3d 148, 150 [2005], *lv denied* 5 NY3d 790 [2005]). Defendant's claim

that the interpreter may have made suggestive comments is speculative (*see People v Evans*, 258 AD2d 273 [1999], *lv denied* 93 NY2d 924 [1999]). We note that one of the viewing witnesses who used the same interpreter testified at the hearing and confirmed that the interpreter made no suggestive comments, and another witness who also used the same interpreter failed to identify defendant.

At the second trial, the surrounding circumstances provided sufficient proof that, in making a recorded 911 call describing the crime and the perpetrator, the testifying, Spanish-speaking victim's nontestifying friend accurately translated the victim's excited utterance into English (*cf. People v Romero*, 78 NY2d 355, 361-362 [1991]). In any event, were we to find any error in admitting the tape without testimony from the interpreting friend, we would find such error to be harmless, because there is no possibility that the tape contributed to defendant's conviction. The information on the tape was duplicative of other evidence provided by the victim herself and by the responding officer, and the evidence of defendant's guilt was overwhelming. We have considered and rejected defendant's remaining arguments on this issue, including his constitutional claims.

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Friedman, J.P., Nardelli, Gonzalez, Catterson and Kavanagh, JJ.