■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABELANDO TORRES, Appellant. [850 NYS2d 529]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered May 3, 2005, convicting him of robbery in the first degree and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and a statement made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied those branches of his omnibus motion which were to suppress identification testimony and a statement made by him to law enforcement officials, since the police possessed probable cause to arrest him (*see People v Griffin,* 15 AD3d 502 [2005]; *People v Soto,* 279 AD2d 592 [2001]; *People v Burton,* 194 AD2d 683, 684 [1993]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt. The victim's criminal record, history of drug use, and explanations regarding his previous arrests were matters fully explored at trial and did not render his testimony incredible as a matter of law, but merely raised an issue of credibility for the jury to consider (*see People v Smith*, 302 AD2d 615, 616 [2003]; *People v Pagan*, 291 AD2d 509, 510 [2002]; *People v Toro*, 272 AD2d 351 [2000]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The trial court did not violate the defendant's right of confrontation (*see Crawford v Washington*, 541 US 36 [2004]) in admitting at a joint trial the prior statement of a nontestifying codefendant against that codefendant only (*see United States v Lung Fong Chen*, 393 F3d 139, 150 [2004]). Moreover, the defendant's confrontation rights were properly safeguarded by the measures taken by the court in admitting the statement (*see People v Bowen*, 309 AD2d 600 [2003]; *People v Timberlake*, 300 AD2d 219 [2002]; *People v Chalk*, 199 AD2d 813 [1993]; *People v Borgos*, 168 AD2d 628 [1990]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Covello, Angiolillo and Carni, JJ., concur.