■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL BELL, JR., Appellant. [919 NYS2d 76]—

The defendant and a codefendant, Monroe B. Bussey, who was tried separately, were indicted for crimes related to their beating of Jeffrey Beary (hereinafter the victim) in an alley leading to the backyard of the defendant's home. During the beating, which lasted up to 20 minutes, the victim sustained multiple blows, abrasions and lacerations to the head, a fractured collarbone, three fractured ribs, and a punctured lung that caused air to enter his chest cavity. The victim was stripped

of his clothing and his head was wrapped in a blanket secured with tape. The victim, while moaning, was placed into the trunk of Bussey's car, driven approximately 18 miles from Newburgh to Poughkeepsie, and dumped in a shallow creek. The Medical Examiner testified that the victim vomited inside the blanket and had lived for an hour or two after aspirating his gastric contents.

The defendant's arrest was based on probable cause, as an identified citizen accused the defendant of participating in the instant homicide (*see People v Mendoza*, 49 AD3d 559, 560 [2008]; *People v Griffin*, 15 AD3d 502 [2005]; *People v Soto*, 279 AD2d 592 [2001]; *People v Martin*, 221 AD2d 568, 568-569 [1995]; *People v Pagan*, 184 AD2d 738 [1992]). Furthermore, that same citizen identified the defendant's photograph from a computer-generated photo array shown to her by a detective, which provided the police with an additional basis to arrest the defendant (*see People v Medina*, 293 AD2d 553 [2002]; *People v Palacio*, 121 AD2d 282 [1986]).

The jury acquitted the defendant of intentional murder (*see* Penal Law § 125.25 [1]), but convicted him of, among other things, depraved indifference murder (*see* Penal Law § 125.25 [2]). Viewing the evidence in the light most favorable to the prosecution, as we must (*see People v Contes*, 60 NY2d 620 [1983]), we find that this case falls within the small and finite category of cases where the evidence was legally sufficient to establish the defendant's guilt of the crime of depraved indifference murder. On these facts, there is a valid line of reasoning and permissible inferences by which a rational jury could have determined that the defendant, while not intending to kill, acted with the conscious objective of engaging in "torture or a brutal, prolonged and ultimately fatal course of conduct against a particularly vulnerable victim" (*People v Suarez*, 6 NY3d 202, 212 [2005]; *see People v Nunez*, 51 AD3d 1398 [2008]).

Again viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d at 620), we also find that it was legally sufficient to establish the defendant's guilt of felony murder (*see* Penal Law § 125.25 [3]) and kidnapping in the first degree (*see* Penal Law § 135.25 [3]) beyond a reasonable doubt. The restraint of the victim, who was alive prior to the kidnapping, but died approximately two hours thereafter, was not " 'so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them' " (*People v Gonzalez*, 80 NY2d 146, 153 [1992], quoting *People v Cassidy*, 40 NY2d 763, 767 [1976]).

The acts constituting the kidnapping were discrete acts. These acts did not constitute "a minimal intrusion necessary and integral to another crime" (*People v Gonzalez*, 80 NY2d at 153). Thus, the merger doctrine is inapplicable in this case (*see People v Collazo*, 45 AD3d 899, 901 [2007]; *People v Wegman*, 2 AD3d 1333, 1336 [2003]; *People v Hinton*, 258 AD2d 874 [1999]; *People v Cannon*, 236 AD2d 294, 295 [1997]; *People v Chronis*, 209 AD2d 712, 713 [1994]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of murder in the second degree (depraved indifference murder), murder in the second degree (felony murder), kidnapping in the first degree, and tampering with physical evidence was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The trial court properly granted the People's reverse-*Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]; *People v Luciano*, 10 NY3d 499, 502-503 [2008]; *People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). The defendant's contention that the prospective juror in question should have been excused because he was a member in a certain club is without merit, as the defendant did not question the prospective juror regarding the specifics of his club membership (*see People v Clarke*, 64 AD3d 612 [2009]; *People v Young*, 35 AD3d 324, 325 [2006]; *People v McNair*, 26 AD3d 245, 246 [2006]).

The defendant's contention that the prosecutor impermissibly shifted the burden of proof based on certain remarks made during her summation is unpreserved for appellate review, as, when the trial court immediately sustained his objection to the remarks, the defendant failed to seek curative instructions, and subsequently moved for a mistrial on a ground other than burden-shifting (*see* CPL 470.15 [2]; *People v Jackson*, 41 AD3d 498, 499 [2007]; *see also People v Ramsey*, 48 AD3d 709 [2008]).

The sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contentions that he was entitled to production of the medical records of two prosecution witnesses and the police investigative file in this case are unpreserved for appellate review.

The defendant's remaining contentions are without merit. Dillon, J.P., Florio, Dickerson and Cohen, JJ., concur.