People v Nuckols (2018 NY Slip Op 08541)





People v Nuckols


2018 NY Slip Op 08541


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Friedman, J.P., Gische, Kapnick, Kahn, Kern, JJ.


7857 1694/11

[*1]The People of the State of New York, Respondent,
v
Davon Nuckols, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered April 15, 2014, convicting defendant, after a jury trial, of rape in the third degree, and sentencing him, as a second felony offender, to a term of two years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports the conclusion that the victim unmistakably expressed her lack of consent, within the meaning of Penal Law § 130.05(2)(d). The fact that the jury acquitted defendant of other sex offenses does not warrant a different conclusion, because although in performing our weight of the evidence review, we may consider an alleged factual inconsistency in a verdict (see People v Rayam, 94 NY2d 557, 563 n [2000]), we nevertheless find it "imprudent to speculate concerning the factual determinations that underlay the verdict" (People v Horne, 97 NY2d 404, 413 [2002]; see also People v Hemmings, 2 NY3d 1, 5 n [2004]).
The court properly granted the prosecution's application pursuant to Batson v Kentucky (476 US 79 [1986]) regarding defense counsel's exercise of a peremptory challenge. The record supports the court's finding that the reasons proffered by defense counsel for the challenge in question were pretextual, and there is no basis for disturbing the court's determination, which essentially involved a credibility assessment of defense counsel (see People v Hernandez, 75 NY2d 350, 356-367 [1990], affd 500 US 352 [1991]). "Although defense counsel claimed that the juror's pregnancy could have made her emotional" and potentially preclude her, for medical reasons, from fully participating in the trial, "counsel never questioned the juror about the effects of her pregnancy" (People v Young, 35 AD3d 324, 325 [1st Dept 2006], lv denied 8 NY3d 992 [2007]; see also People v Kendall, 27 AD3d 355, 356 [1st Dept 2006], lv denied 6 NY2d 895 [2006]; People v McNair, 26 AD3d 245, 246 [1st Dept 2006], lv denied 6 NY3d 896 [2006]), or even whether the juror was, in fact, pregnant.
The court meaningfully responded to a jury note requesting a readback of testimony (see People v Almodovar, 62 NY2d 126, 131 [1984]; People v Malloy, 55 NY2d 302 [1982], cert denied 459 US 847 [1982]). The court was not obligated to read back testimony that fell outside of the jury's specific request. Moreover, there is no indication that the court's denial of defendant's request to read back additional testimony caused any prejudice (see People v Lourido, 70 NY2d 428, 435 [1987]; People v Ingram, 3 AD3d 437 [1st Dept 2004], lv denied 2 NY3d 801 [2004]).
The court providently exercised its discretion in declining to replace a deliberating juror with an alternate on the ground of misconduct. Even assuming that, as observed by defense counsel, the juror gestured to other jurors at a critical point in the readback of testimony and mouthed the word "rape," this was not "misconduct of a substantial nature" (CPL 270.35[1]). Jurors' natural spontaneous reactions during readbacks, such as gesturing to each other after [*2]hearing significant information, fall far short of constituting in-court deliberations in violation of CPL 310.10(1). Defendant, who asked only for the juror's replacement, did not preserve his claim that the court should have conducted an inquiry of the juror, and we decline to review it in the interest of justice. As an alternative holding, we find that the innocuous circumstances did not require an inquiry.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK