## (July 14, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES H. SHAVER, Appellant.— GIBSON, P. J. Appeal from an order of the Supreme Court which denied, without a hearing, an application in the nature of a writ of error *coram nobis* to vacate a judgment of conviction rendered December 4, 1931 upon a plea of guilty of murder in the second degree, the application being grounded on defendant's affidavit that he was not represented by counsel at the time of his plea or of his sentence and was not advised of his right to such representation; the Special Term decision basing its denial of the application on court records and papers as follows: An order of October 19, 1931, an affidavit of December 4, 1931, certain court minutes of December 14, 1931, and a so-called pedigree sheet. The Special Term's opinion referred also to a newspaper article which was produced by the District Attorney, which the court quite properly did not consider to be documentary evidence. It must be held, contrary to respondent's contentions, (1) that if there was ever doubt as to a defendant's right to counsel "in every stage of the proceedings" (Code Crim. Pro., § 308), it was resolved by the decision in *Gideon* v. *Wainwright* (372 U. S. 335), which must be given retroactive application (*Johnson* v. *New Jersey*, 384 U. S. 719), and (2) that defendant's clear remedy for a deprivation of his right is the *coram nobis* application before us (*People* v. *Hannigan*, 7 N Y 2d 317). The allegations before us prima facie entitled defendant to a hearing and, there being no claim or proof of waiver, the only remaining question is whether these averments are "conclusively refuted by unquestionable documentary proof". (*People* v. *Richetti*, 302 N Y 290, 296.) The rule was stated as strongly in *People* v. *Guariglia* (303 N. Y. 338, 343) as follows: "It is only when the record conclusively demonstrates the falsity of the allegations and there is no reasonable probability at all that defendant's averments are true that a hearing will be denied". Both expressions of the rule were again approved in *People* v. *Picciotti* (4 N Y 2d 340, 345). The official documents submitted demonstrate merely that an attorney was assigned to represent defendant, appeared at the time of his arraignment upon the indictment, and was allowed a fee for his services. Entries far more complete than these have been held insufficient. (See, e.g., *People* v. *Guariglia,* 303 N. Y. 338, *supra*; *People* v. *Lain,* 309 N. Y. 291.) Order reversed, on the law, and matter remitted to Special Term for hearing. Reynolds, Taylor, Aulisi and Staley, Jr., JJ., concur.