■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID S. SHAW, JR., Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered July 3, 1974, upon a verdict convicting defendant of the crimes of murder, in violation of subdivision 1 of section 125.25 of the Penal Law, and felony murder, in violation of subdivision 3 of section 125.25 of the Penal Law. The primary contention raised by the defendant is that his conviction was based upon the uncorroborated testimony of an accomplice, Joyce Shufelt. She testified that, on or about September 12, 1973, she met the defendant and entered into an agreement with him and one Vincent Harris to pay them $75 to "beat up" Robert Cirilli, her former boyfriend. The defendant then contacted William Dennis and enlisted his aid in carrying out the assault. Dennis terminated his relationship to the plot some time prior to Cirilli's death. The accomplice, Joyce Shufelt, testified that on October 29, 1973, she witnessed Vincent Harris in the immediate presence of the defendant, shoot three bullets into the body of Cirilli, taking his life. The gun had been furnished Harris by the defendant. The accomplice testified that Harris and Shaw were waiting for Cirilli at the scene for the purpose of assaulting him and stealing from him the keys to the Barrel Nightclub, of which he was a part-owner, which they intended to burglarize following the intended assault. Because of the killing of Cirilli, the intended robbery and burglary were not completed and, instead, Harris, Shaw and Shufelt left the scene, jettisoned the weapon and returned to their homes. The testimony of Dennis corroborates the testimony of the accomplice Shufelt. Dennis testified that, in September of 1973, the defendant contacted him and advised him that Shufelt wanted the deceased beaten up. The defendant had in his possession information from Shufelt as to the license plate number on Cirilli's vehicle, as well as a description of the vehicle and a description of and location of the Cirilli home. Approximately one week following the initial contact, Dennis and Shaw went to what Shaw

thought was the Cirilli home but which turned out to be a wrong address. Thereafter Shaw obtained from Joyce Shufelt the correct address and on the following evening, Dennis and the defendant went to the Cirilli home but he was not there. Dennis further testified that on three other occasions during early October, 1973, he, Shaw and Harris went hunting for Cirilli but without success. Most significantly, Dennis last saw the defendant and Harris toward the end of October, when the defendant showed him a pistol which Dennis identified at trial as being similar to the murder weapon. Dennis terminated his relationship with Shaw, Harris and the accomplice about a week prior to October 29, 1973, and had nothing to do with the murder. Thus, Dennis was not himself an accomplice, and his testimony corroborates all the details related by Joyce Shufelt of her preliminary contacts with the defendant, and tends to connect defendant with commission of the crime. In addition to Dennis' testimony, there is other testimony placing the accomplice in the company of the defendant, and the physical facts, medical and scientific proof also tended to support Joyce Shufelt's testimony. All of this evidence suffices to satisfy the requirements laid down by the Court of Appeals in *People v Dixon* (231 NY 111) as to the nature and character of the corroborative proof necessary to support an accomplice's testimony. The court stated (pp 116–117): "The corroborative evidence need not show the commission of the crime; it need not show that defendant was connected with the commission of the crime. *(People v Mayhew,* 150 NY 346, 353; *People v Cohen,* 223 NY 406, 426.)* It is enough if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth. * * * It may vary in its nature according to the circumstances of the particular case. Matters in themselves of seeming indifference or light trifles of the time and place of persons meeting may so harmonize with the accomplice's narrative as to have a tendency to furnish the necessary connection between defendant and the crime." We have examined the remainder of defendant's contentions and find them to be without merit. In any event the errors alleged would be insufficient to warrant reversal under the standards of *People v Crimmins* (36 NY2d 230). Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Larkin and Reynolds, JJ., concur.