■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MILEA, Appellant.—Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Calabretta, J.), dated May 26, 1989, which denied his motion pursuant to CPL 440.10 (1) (g) to vacate a judgment of the same court, rendered February 7, 1984, convicting him of murder in the second degree, criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The facts underlying this case are set forth in our decision and order affirming the defendant's conviction. Upon appeal, the defendant's challenge to the quantity and quality of the evidence against him was rejected *(see, People v Milea,* 112 AD2d 1011). However, the defendant's codefendant's conviction was reversed by this court, because, as to the codefendant, the proof was insufficient *(see, People v Nieves,* 135 AD2d 579). Relying on a post-reversal affidavit of the codefendant, who now attests that the crimes were committed by two men whom no trial witness placed at the scene, the defendant seeks to vacate his conviction on the ground of "newly discovered" evidence *(see,* CPL 440.10 [1] [g]). We need not determine however, whether previously "unavailable" testimony of a former codefendant can constitute newly discovered evidence *(see, e.g., United States v Diggs,* 649 F2d 731, *cert denied* 454 US 970; *United States v Metz,* 652 F2d 478). We agree with the Supreme Court that the evidence on which the defendant now relies contradicts some of the trial evidence but would not "probably change the result" *(People v Salemi,* 309 NY 208, 216, *cert denied* 350 US 950). Sullivan, J. P., Harwood, Balletta and Eiber, JJ., concur.