■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL RODRIGUEZ, Appellant. [608 NYS2d 255] —Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Vaccaro, J.), dated November 30, 1992, which denied, without a hearing, his motion pursuant to CPL 440.10, to vacate a judgment of the same court rendered December 16, 1981, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The defendant contends that his conviction should be vacated because the People failed to provide him with certain notes of a police witness, Gerard Walsh. We disagree.

The defendant was aware of the existence of the notes in question at the time of trial. Therefore, he could have created a sufficient record to enable him to raise this issue on direct appeal, and he could have raised this issue on his direct appeal *(see, People v Rodriguez,* 114 AD2d 525). Thus, this branch of the defendant's CPL 440.10 motion was properly denied without a hearing *(see, People v Cooks,* 67 NY2d 100; *People v Skinner,* 154 AD2d 216; CPL 440.10 [2] [c]; [3] [a]). In any event, the defendant has failed to demonstrate any prejudice from the alleged failure to receive Walsh's notes *(see, People v Vilardi,* 76 NY2d 67; *People v Jackson,* 78 NY2d 638).

The defendant also contends that he is entitled to vacatur of his conviction, or to a hearing, based on the affidavit of the prosecution's main witness, who has now recanted his trial testimony. "There is no form of proof so unreliable as recanting testimony" *(People v Shilitano,* 218 NY 161, 170). Here, the witness's recantation is entirely incredible, and denial of this branch of the defendant's motion without a hearing was also proper *(see, People v Donald,* 107 AD2d 818, 819; *People v Dukes,* 106 AD2d 906, 907). That the affidavit also alleges misconduct by the police and prosecution does not alter its nature, i.e., recanted evidence which is incredible *(see, People v Dukes, supra,* at 907; *People v Allison,* 119 AD2d 1005).

Finally, the defendant contends that the evidence is insufficient to support his conviction. This issue, raised for the first time on this appeal from the denial of the defendant's CPL

article 440 motion, is not properly before this Court *(People v Cooks,* 67 NY2d 100, *supra; People v Skinner,* 154 AD2d 216, *supra;* CPL 440.10 [2] [c]). Balletta, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.