■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM BELLAMY, Appellant. [667 NYS2d 925] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J., at trial; Thomas, J., at sentence), rendered January 16, 1996, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Fisher, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The testimony of the two eyewitnesses who testified at the combined *Wade* and *Huntley* hearing established that there was probable cause to arrest the defendant (*see,* CPL 140.10; *People v Bigelow,* 66 NY2d 417). We therefore reject the defendant's contention that any statements made by him and/or any identification made subsequent to his being detained by the police should have been suppressed as the product of an unlawful arrest.

The defendant also contends that the evidence was legally insufficient. This argument is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contention is without merit. Miller, J. P., Sullivan, Pizzuto and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSVALDO BONILLA, Appellant. [667 NYS2d 926] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered June 24, 1996, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.