■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS GANTT, Respondent. [786 NYS2d 492]—

Order, Supreme Court, New York County (Michael J. Obus, J.), entered on or about January 7, 2004, which granted defendant's CPL 440.10 motion to vacate a judgment rendered March 28, 2001, convicting him, after a jury trial, of murder in the second degree, and sentencing him to a term of 22 years to life, unanimously affirmed.

There was a reasonable possibility that the People's failure to disclose prior inconsistent testimony by their main witness contributed to the verdict (*see People v Vilardi*, 76 NY2d 67, 77 [1990]; *see also People v Machado*, 90 NY2d 187, 192 [1997]). This witness was a career criminal who waited six years to come forward and had a motive to give false testimony in an effort to

obtain favorable treatment. His undisclosed inconsistent testimony was not cumulative to the impeachment material that defense counsel had already brought to the jury's attention. Rather than pertaining to the witness's background and general credibility, the undisclosed testimony called into doubt the witness's specific claim that he was present when the victim in this case was shot (*compare People v Sibadan*, 240 AD2d 30, 35 [1998], *lv denied* 92 NY2d 861 [1998]).

The evidence against defendant without this witness's testimony was far from overwhelming. This witness provided the only testimony identifying defendant, except for statements by the victim that the People characterize as dying declarations and/or excited utterances. However, the victim later recanted these statements and told the police that his accusation of defendant was not based on personal knowledge. Concur—Buckley, P.J., Williams, Lerner, Gonzalez and Sweeny, JJ.