■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE McGUIRE, Appellant. [845 NYS2d 365]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Tomei, J.), dated March 22, 2004, which denied, after a hearing, his motion pursuant to CPL 440.10 (1) (g) to vacate a judgment of the same court (Lagana, J.) rendered November 13, 1990, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree (three counts), and criminal possession of a weapon in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The evidence at the 1990 trial established, through the testimony of an eyewitness who personally knew the defendant, that the defendant, Craig Twiggs, and Harold George intentionally fired their guns at Leslie Lewis. Lewis was struck a total of nine times, another person standing in the vicinity was struck and killed, and two others were injured. In 2002 the defendant moved to vacate his judgment of conviction pursuant to CPL 440.10 (1) (g) on the ground of newly-discovered evidence, namely, affidavits signed by Twiggs and George, stating that the defendant was not present at the shooting. The Supreme Court ordered an evidentiary hearing on the matter. After receiving testimony from, among others, Twiggs and George, the Supreme Court denied the motion. We affirm.

" '[T]here is no form of proof so unreliable as recanting testimony' " (*People v Rodriguez*, 201 AD2d 683 [1994], quoting *People v Shilitano*, 218 NY 161, 170 [1916]). In their respective pleas of guilty in 1991 Twiggs and George stated that the defendant was with them at the time of the shooting, that he possessed a gun, and that he fired his gun at Leslie Lewis. At the evidentiary hearing, Twiggs and George failed to provide a credible reason for why they originally named the defendant as a fellow shooter and did not come forward earlier to exculpate the defendant. In addition, the numerous inconsistencies in their

respective accounts of the shooting established that their testimony would not "probably change" the verdict if introduced at trial (*People v Salemi*, 309 NY 208, 216 [1955], *cert denied* 350 US 950 [1956]; *see People v Milea*, 184 AD2d 791, 792 [1992]; *see also People v Yates*, 290 AD2d 888, 890 [2002]; *People v Jackson*, 238 AD2d 877, 878 [1997]).

The defendant's contention that his sentence was excessive is not properly before this Court. Rivera, J.P., Krausman, Florio and Dillon, JJ., concur.