■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANIEL C. LACKEY, Respondent. [853 NYS2d 668]—

Kane, J. Appeal from an order of the County Court of Madison County (DiStefano, J.), entered July 11, 2007, which granted defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of aggravated sexual abuse in the first degree and sexual abuse in the first degree, after a hearing.

In August 2004, defendant was convicted of aggravated sexual abuse in the first degree and sexual abuse in the first degree in connection with a January 2003 incident. This Court affirmed defendant's convictions (36 AD3d 953 [2007], lv denied 8 NY3d 947 [2007]). Thereafter, defendant learned that the victim falsely alleged a November 2004 sexual assault, resulting in her conviction of filing a false statement. Based upon this new information, defendant moved to vacate his judgment of conviction (see CPL 440.10 [1] [g]). After holding a hearing, County Court granted the motion, vacating the judgment of conviction and ordering a new trial. On the People's appeal, we affirm.

County Court did not abuse its discretion in granting defendant a hearing on his motion. Through affidavits of defendant and counsel, as well as numerous pieces of documentary evidence, defendant alleged newly discovered evidence which would have affected the outcome of his trial. The People challenged several of defendant's factual assertions. Accordingly, the court acted within its discretion in ordering a hearing to resolve the matter (see CPL 440.30 [2], [3], [4], [5]; see also People v Session, 34 NY2d 254, 256 [1974]; People v Hughes, 181 AD2d 912, 913 [1992]; People v Shaver, 26 AD2d 735, 735 [1966]).

Defendant bore the burden of proving by a preponderance of the evidence every essential fact required to support his motion

(*see* CPL 440.30 [6]; *People v Tucker*, 40 AD3d 1213, 1214 [2007], *lv denied* 9 NY3d 882 [2007]). To justify vacatur under CPL 440.10 (1) (g), the newly discovered evidence "must fulfill all the following requirements: 1. It must be such as will probably change the result if a new trial is granted; 2. It must have been discovered since the trial; 3. It must be such as could have not been discovered before the trial by the exercise of due diligence; 4. It must be material to the issue; 5. It must not be cumulative to the former issue; and, 6. It must not be merely impeaching or contradicting the former evidence" (*People v Priori*, 164 NY 459, 472 [1900]; *see People v Tucker*, 40 AD3d at 1214-1215; *People v Richards*, 266 AD2d 714, 715 [1999], *lv denied* 94 NY2d 924 [2000]). The People concede that the victim's false report of a sexual assault several months after defendant's conviction was not, and could not have been, discovered before trial.

Prior complaints of sexual abuse may be admissible if the defense proves that the complaints were false and of sufficient similarity to the charged crime to suggest a pattern of false complaints (*see People v Hunter*, 41 AD3d 885, 888 [2007], *lv granted* 9 NY3d 845 [2007]; *People v Gibson*, 2 AD3d 969, 972 [2003], *lv denied* 1 NY3d 627 [2004]). The victim's November 2004 complaint was admittedly false, as evidenced by the victim's conviction of filing a false statement. That complaint contained a physical description of her attacker similar to the description given after the January 2003 assault, including his height, race, build and the odor of alcohol on his breath. She alleged the use of a knife on both occasions. In neither instance could she identify her attacker, nor were there witnesses or scientific evidence to connect anyone to the assault. Finally, the injuries suffered in both instances were such as could be self-inflicted. After the false report, the victim admitted to police that "Lately, I don't know what is real and not real anymore. This has been going on a couple times in the past. When this happens, I black out, and I am not really aware of what goes on around me. . . I heard voices." At the hearing on defendant's motion, the victim testified that she "could have had a dream . . . I have had dreams where I have woken up from and I couldn't tell you if they were real or if they weren't real. I have even acted out in my dreams." She admitted that in the November 2004 incident she apparently cut herself repeatedly, then thought someone else had attacked her because she did not remember the incident and could not believe that she would harm herself in that manner. The victim had a history of depression, anxiety disorder and substance abuse problems. Under the circumstances, her admittedly false complaint would have been admissible.

Use of this false complaint would not merely impeach the victim, but might well have altered the focus of the entire case and changed the defense theory to a claim that the victim harmed herself (*see People v Santos*, 306 AD2d 197, 198 [2003], *affd* 1 NY3d 548 [2003]). Unlike a recantation or a deliberate false complaint, a subsequent false complaint made while subject to delusions or hallucinations does not question the victim's veracity, but rather whether her complaint was based in reality. Such a defense, though normally unthinkable, would be reasonable with this new evidence, considering the lack of witnesses and scientific evidence tying defendant or any other person to the crime. Although defendant's statement to police was strong evidence against him, he presented expert testimony at trial that he was borderline mentally retarded and prone to suggestiveness; such evidence may well have been more persuasive, and his statement less so, if this new evidence was presented (*compare People v Reyes*, 255 AD2d 261, 263 [1998], *lv denied* 92 NY2d 1053 [1999]).

This new evidence was not cumulative, as it provides a substantial basis to attack the victim's testimony as possibly based upon hallucinations and delusions (*compare People v Gantt*, 13 AD3d 204, 205 [2004], *lv denied* 4 NY3d 798 [2005]). For the same reasons, it was material to the issues at trial. Although the results at a new trial are not certain, especially considering defendant's written statement confessing to the crime, we find that County Court—who presided at the original trial—did not abuse its discretion in finding that this newly discovered evidence would probably change the result. Accordingly, the motion was properly granted.

Peters, J.P., Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the order is affirmed.