■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AZAD MALIK, Respondent. [917 NYS2d 648]—

Appeal by the People from an order of the Supreme Court, Kings County (J. Goldberg, J.), dated September 18, 2009, which granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered May 30, 2008, convicting the defendant of burglary in the first degree, and imposing sentence.

Ordered that the order is affirmed.

The defendant and his three codefendants were convicted, after a joint trial, of burglary in the first degree, arising from an incident on August 10, 2006, in which they and two unidentified men allegedly entered the complainant's apartment, stole the sum of $2,300, and assaulted the complainant with various weapons. The complainant filed a police report on August 16, 2006, alleging that the defendant and several codefendants had telephoned him that day and threatened his life. The defendant learned of this police report only after it was disclosed by the People in their *Molineux* application (*see People v Molineux,* 168 NY 264 [1901]), made in connection with the retrial of one of his codefendants. Moreover, when the complainant was questioned at that *Molineux* hearing about the telephone calls allegedly made on August 16, 2006, he testified that he could not recall whether he received the calls on his landline or his cell phone, or on both, and failed to recall other basic information about the calls. Significantly, he could not remember whether the defendant made any of the threatening calls. Based upon the foregoing, the defendant moved to vacate his judgment of conviction, arguing that the complainant's false accusation against him constituted newly discovered evidence (*see* CPL 440.10 [1] [g]).

A motion to vacate a judgment of conviction upon the ground of newly-discovered evidence rests within the discretion of the hearing court (*see People v Tankleff,* 49 AD3d 160, 178 [2007]; *People v Salemi,* 309 NY 208, 215 [1955]). " 'Newly-discovered

evidence in order to be sufficient must fulfill all the following requirements: 1. It must be such as will probably change the result if a new trial is granted; 2. It must have been discovered since the trial; 3. It must be such as could have not been discovered before the trial by the exercise of due diligence; 4. It must be material to the issue; 5. It must not be cumulative to the former issue; and, 6. It must not be merely impeaching or contradicting the former evidence' " (*People v Salemi*, 309 NY at 215-216, *cert denied* 350 US 950 [1956], quoting *People v Priori*, 164 NY 459, 472 [1900]).

Contrary to the People's contentions, the Supreme Court properly concluded that the defendant satisfied his burden of demonstrating that the newly-discovered evidence was material, and not merely cumulative. In determining the probable effect of the newly-discovered evidence on the verdict, a court must engage in a "critical analysis of the evidence" and "view and evaluate all of the evidence in its entirety" (*People v Tankleff*, 49 AD3d at 180, 181). At trial, the People's evidence primarily consisted of the complainant's testimony. The defense theory at trial was that the complainant had fabricated the entire incident that allegedly occurred on August 10, 2006. If defense counsel had been aware of the police report dated August 16, 2006, and its apparent falsity, he could have advanced an alternate defense theory that, since the complainant had falsely claimed that the defendant made a threatening telephone call on August 16, 2006, the complainant also falsely identified the defendant as a participant in the incident of August 10, 2006. Therefore, the Supreme Court properly determined that the police report dated August 16, 2006, was not cumulative or immaterial (*see People v Lackey*, 48 AD3d 982, 984 [2008]; *People v Gantt*, 13 AD3d 204, 205 [2004]).

Moreover, the evidence against the defendant was far from overwhelming. In this regard, the People's case rested upon the complainant's testimony, as there was a lack of independent evidence identifying any of the defendants as the complainant's assailants. When the newly-discovered evidence is considered in light of the complainant's trial testimony, there is a reasonable probability that had such evidence been received at trial, the verdict would have been more favorable to the defendant (*see* CPL 440.10 [1] [g]; *People v Tankleff*, 49 AD3d at 182; *People v Gantt*, 13 AD3d at 205). Therefore, the Supreme Court providently exercised its discretion in granting the defendant's motion. Rivera, J.P., Dillon, Angiolillo and Austin, JJ., concur.
**[Prior Case History: 25 Misc 3d 1214(A), 2009 NY Slip Op 52091(U).]**