■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KAREEM BELLAMY, Respondent. [923 NYS2d 681]—

Appeals by the People (1) from an order of the Supreme Court, Queens County (Blumenfeld, J.), dated June 27, 2008, which, after a hearing, granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (Thomas, J.), rendered January 16, 1996, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence, and directed a new trial, and (2), as limited by their brief, from so much of an order of the same court dated January 14, 2010, as, upon renewal, and, after a hearing, adhered to its original determination in the order dated June 27, 2008.

Ordered that the appeal from the order dated June 27, 2008, is dismissed, as that order was superseded by the order dated January 14, 2010, made upon renewal; and it is further,

Ordered that the order dated January 14, 2010, is affirmed insofar as appealed from.

The defendant was convicted of murder in the second degree and a related weapons charge, related to a 1994 stabbing in Far Rockaway, Queens. On appeal, the judgment of conviction was affirmed (*see People v Bellamy*, 247 AD2d 399 [1998]). In 2006 the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction. At a hearing on the motion, the defendant proffered the testimony of an informant, to whom an indi-

vidual named Ishmael had confessed to committing the homicide with an unapprehended accomplice. The informant testified about three conversations with Ishmael and provided an audio recording, which he claimed contained the voice of Ishmael during the third conversation. The Supreme Court granted the defendant's motion, vacating the judgment of conviction based upon newly discovered evidence "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 440.10 [1] [g]).

The People then moved, inter alia, for leave to renew their opposition to the motion and to reopen the hearing. The Supreme Court granted renewal. At the subsequent hearing, the People proffered testimony from the informant retracting his testimony of the confession and admitting that he faked the audio recording, as well as testimony from the person who had pretended to be Ishmael on the recording. The Supreme Court determined that the tape recording had been faked, but credited the informant's original testimony that Ishmael had confessed to him during previous conversations and discredited his recantation of that testimony. The Supreme Court accordingly, upon renewal, adhered to its original determination vacating the defendant's convictions. The People appeal.

CPL 440.10 (1) (g) provides that a court may vacate a defendant's judgment of conviction upon the ground that: "New evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant; provided that a motion based upon such ground must be made with due diligence after the discovery of such alleged new evidence."

The defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion (see CPL 440.30 [6]; *People v Tankleff*, 49 AD3d 160, 179-180 [2007]). The power to vacate a judgment of conviction on the ground of newly discovered evidence rests within the discretion of the hearing court. The court must make its final decision based upon the likely cumulative effect of the new evidence had it been presented at trial (see *People v Tankleff*, 49 AD3d at 178-181).

The Supreme Court properly determined that the likely cumulative effect of the newly discovered evidence, including

the informant's original statements to investigators and counsel concerning Ishmael's alleged confession, his recantation of those statements, and the testimony concerning the faked confession tape, would have been a verdict more favorable to the defendant (*see* CPL 440.10 [1] [g]). A reasonable jury could find, as the Supreme Court did here, that the informant's original unsolicited implication of Ishmael was truthful, regardless of the informant's later recantation of those statements. Moreover, the fact that the informant implicated Ishmael and an accomplice, who were the same people as were implicated in a police report contemporaneous to the homicide, could raise a reasonable doubt in the jurors' minds, especially given the less than overwhelming evidence against the defendant at trial.

In light of our determination, the People's remaining contention has been rendered academic. Angiolillo, J.P., Florio, Leventhal and Miller, JJ., concur. **[Prior Case History: 20 Misc 3d 1131(A), 2008 NY Slip Op 51694(U).]**