Appeal by the People from an order of the Supreme Court, Queens County (Aloise, J.), dated May 31, 2012, which, after a hearing, granted the defendant’s motion pursuant to CPL 440.10 to vacate a judgment of the same court (Aloise, J.), rendered December 14, 2004, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence, and directed a new trial.
Ordered that the order is affirmed.
The defendant was charged with, inter alia, murder in the second degree following a 1996 shooting in Queens County. At a trial in 2004, the People presented, among other things, testimony from two eyewitnesses who identified the defendant as the shooter. The defendant was convicted and sentenced and, in 2008, the judgment of conviction was affirmed by this Court (see People v Singh, 47 AD3d 733 [2008]).
In 2011, the defendant moved to vacate the judgment of conviction based on, among other things, newly discovered evidence. The Supreme Court directed that an evidentiary hearing be held with respect to, inter alia, the defendant’s claims that (1) one of the eyewitnesses who identified him as the shooter *768 later admitted that he had lied and had been pressured to falsely implicate the defendant because of a longstanding feud between two rival factions of the Sikh community in Queens, (2) the other eyewitness who identified him as the shooter admitted that he had not seen the shooter and that he had offered to change his trial testimony in exchange for money, and (3) secret meetings had been held prior to the trial to raise money to pay the two eyewitnesses to testify falsely. At the hearing, the defendant presented witnesses who testified to this effect. Although the two eyewitnesses denied many of the allegations and maintained that their trial testimony was accurate, the Supreme Court, after reviewing the evidence, stated that it had “serious doubts and obvious concerns” with respect to the eyewitnesses’ veracity and reliability. The Supreme Court granted the defendant’s motion to vacate the judgment, finding that the newly discovered evidence, among other things, called into question the motivation behind the eyewitnesses’ original testimony and had the potential to severely impact the jury’s determination.
CPL 440.10 (1) (g) provides that a court may vacate a judgment of conviction upon the ground that: “New evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant; provided that a motion based upon such ground must be made with due diligence after the discovery of such alleged new evidence.” The defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion (see CPL 440.30 [6]; People v Bellamy, 84 AD3d 1260, 1261 [2011]; People v Tankleff, 49 AD3d 160, 179-180 [2007]). The power to vacate a judgment of conviction on the ground of newly discovered evidence rests within the discretion of the hearing court (see People v Bellamy, 84 AD3d at 1261; People v Malik, 81 AD3d 981, 981 [2011]). The court must make its final decision based upon the likely cumulative effect of the new evidence had it been presented at trial (see People v Cain, 96 AD3d 1072, 1073 [2012]; People v Bellamy, 84 AD3d at 1261).
Contrary to the People’s contention, the Supreme Court properly determined that the defendant satisfied his burden of proof and that the likely cumulative effect of the newly discovered evidence, including the evidence of the broad conspiracy to pay the eyewitnesses to implicate the defendant as the shooter, would have been a verdict more favorable to the de *769 fendant (see CPL 440.10 [1] [g]; People v Bellamy, 84 AD3d at 1262). The case against the defendant rested upon the testimony of the two eyewitnesses, and the newly discovered evidence, which were material and not cumulative, called into question the eyewitnesses’ motivation and veracity, and could have raised reasonable doubt in the jurors’ minds (see People v Bellamy, 84 AD3d at 1262; People v Tankleff, 49 AD3d at 182).
The People’s remaining contentions are without merit. Rivera, J.E, Leventhal, Chambers and Lott, JJ., concur.