Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Chun, J.), rendered March 4, 2009, convicting him of manslaughter in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence, and (2), by permission, from so much of an order of the same court dated May 10, 2012, as denied, after a hearing, his motion pursuant to CPL 440.10 to vacate the judgment of conviction rendered March 4, 2009.
Ordered that the judgment and the order are affirmed.
On June 20, 2002, in front of a crowd of people, Bakeem Townsel (hereinafter Bakeem) twice beat up the codefendant, Wayne Davidson, for “disrespecting” Bakeems’s mother, Audrey Townsel (hereinafter Audrey). Thereafter, Davidson’s girlfriend, Francine Garnett, sought help from her nephew Michael Ortiz to get revenge. Ortiz, in turn, rallied his friends, the defendant, Arthur Alston, and David Hardman, and, together with Davidson and Garnett, they devised a plan to shoot Bakeem. That night, the defendant and his accomplices went to Audrey’s apartment in Coney Island, where Bakeem was staying. The men waited in the stairwell while Garnett knocked on the door and, as planned, the others emerged from the stairwell into the hall once the door was opened. Seven shots were fired into the apartment, one fatally striking Audrey in the back, and another passing through Bakeem’s left knee. The evidence adduced at trial established that the bullets fired came from two guns, and that one gun was fired by Hardman.
The defendant was convicted of manslaughter in the first degree and assault in the second degree under an acting-in-concert theory. He was acquitted, inter alia, of four counts of criminal possession of a weapon.
The defendant’s challenge to the legal sufficiency of the evidence of manslaughter in the first degree is unpreserved for appellate review, as defense counsel failed to specify, in his general motion to dismiss the indictment, the argument he raises now (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]), that *729 the People failed to establish the element of “intent to cause serious physical injury to another person” (Penal Law § 120.05 [1]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of that crime beyond a reasonable doubt. The testimony of the defendant’s accomplice, Alston, was sufficiently corroborated by the defendant’s own statements (see People v Reome, 15 NY3d 188, 192 [2010]; People v Breland, 83 NY2d 286, 294 [1994]; People v Vantassel, 95 AD3d 907, 908 [2012]; People v Cortez, 81 AD3d 742, 742-743 [2011]).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence, we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Chin, 69 AD3d 752, 752-753 [2010]). The criminal and unsavory background of Alston, the prosecution’s main and crucial witness, and his having testified pursuant to a cooperation agreement, as well as his misrepresentations to the police and court both before and after his plea of guilty, were matters fully explored at trial and merely “raised an issue of credibility which the jury resolved in favor of the prosecution” (People v Harris, 276 AD2d 562, 562-563 [2000]; see People v Bernard, 100 AD3d 916, 916-917 [2012]; People v Chin, 69 AD3d at 752-753; People v Torres, 47 AD3d 851, 852 [2008]; People v Smith, 302 AD2d 615, 616 [2003]), which it was entitled to do. Alston’s account of the events of June 20, 2002, was internally consistent and in accord with the physical evidence and testimony of other prosecution witnesses, including Bakeem, Darrell Peterson, and Brian King, as well as the defendant’s statements in large part. Furthermore, that the jury acquitted the defendant of the gun possession charges did not require them to disregard Alston’s entire testimony. Rather, “the jury was free to accept or reject portions of the testimony presented to it” (People v Martinez, 63 AD3d 859, 860 [2009]; see People v Negron, 91 NY2d 788, 792 [1998]; People v Gillums, 71 AD3d 784, 785 [2010]).
The defendant’s contention that the evidence was legally insufficient to establish the physical injury element of assault in the second degree is unpreserved for appellate review and, in any event, without merit. “Physical injury,” as used in the Penal Law, means “impairment of physical condition or substantial pain” (Penal Law § 10.00 [9]). Here, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact *730 could have inferred, based on the nature of the wound, i.e., a bullet through the knee, and testimony that Bakeem appeared to be in pain and that he was crawling on the floor after being shot, that Bakeem suffered substantial pain sufficient to satisfy that prong of “physical injury” (see Penal Law §§ 120.05 [2]; 10.00 [9]; People v Chiddick, 8 NY3d 445 [2007]; People v Rojas, 61 NY2d 726 [1984]).
The hearing court did not improvidently exercise its discretion in denying the defendant’s motion to vacate the judgment of conviction (see People v Cain, 96 AD3d 1072, 1073 [2012]; People v Malik, 81 AD3d 981 [2011]; People v Robinson, 211 AD2d 733 [1995]). To justify vacatur of a judgment of conviction based on newly discovered evidence pursuant to CPL 440.10 (1) (g), “the evidence must fulfill all the following requirements: ‘1. It must be such as will probably change the result if a new trial is granted; 2. It must have been discovered since the trial; 3. It must be such as could have not been discovered before the trial by the exercise of due diligence; 4. It must be material to the issue; 5. It must not be cumulative to the former issue; and, 6. It must not be merely impeaching or contradicting the former evidence’ ” (People v Deacon, 96 AD3d 965, 967 [2012] [internal quotation marks omitted], quoting People v Salemi, 309 NY 208, 216 [1955]; see People v Malik, 81 AD3d at 981-982; People v Tankleff, 49 AD3d 160, 179 [2007]). At a hearing pursuant to CPL 440.10, “the defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion” (CPL 440.30 [6]). “ ‘Implicit in th[e] ground for vacating a judgment of conviction is that the newly discovered evidence be admissible’ ” (People v Tankleff, 49 AD3d at 182, quoting 34B NY Jur 2d, Criminal Law: Procedure § 3388 at 39).
The purportedly new evidence here consisted of statements Alston allegedly made to a fellow inmate in which he admitted to having been the second shooter on June 20, 2002. At the hearing on the motion, the inmate and Alston testified for the defendant. Alston denied having made the statements and denied that he was one of the shooters.
Alston’s alleged statements constituted recantations of his statements to the District Attorney’s office and his testimony at trial. Thus, contrary to the defendant’s contention, they were not admissible as prior inconsistent statements. Moreover, as the Supreme Court determined, the only other basis under which Alston’s alleged statements could have been admissible was the hearsay exception of statement against penal interest. However, “before statements of a nontestifying third party are admissible as a declaration against penal interest, the proponent *731 must satisfy the court that four prerequisites are met: (1) the declarant must be unavailable to testify by reason of death, absence from the jurisdiction, or refusal to testify on constitutional grounds; (2) the declarant must be aware at the time of its making that the statement was contrary to his penal interest; (3) the declarant must have competent knowledge of the underlying facts; and (4) there must be sufficient competent evidence independent of the declaration to assure its trustworthiness and reliability” (People v Brensic, 70 NY2d 9, 15 [1987]; see People v Deacon, 96 AD3d 965, 968 [2012]). Here, not only was the declarant, Alston, available to testify, but he did actually testify at the trial and at the CPL 440.10 hearing itself. The defendant suggests no other exception to the hearsay rule under which the testimony at issue would be admissible.
Mastro, J.E, Skelos, Cohen and LaSalle, JJ., concur.