People v Pinto (2018 NY Slip Op 08331)





People v Pinto


2018 NY Slip Op 08331


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-04884

[*1]The People of the State of New York, respondent,
v
Elvin Pinto, appellant. (S.C.I. No. 10034/03)


Labe M. Richman, New York, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Tina Grillo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Douglas Wong, J.), dated December 7, 2016, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered April 24, 2003, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the order is affirmed.
The defendant, a native of Colombia and a lawful permanent resident of the United States, pleaded guilty to attempted criminal sale of a controlled substance in the third degree. The defendant was sentenced on April 24, 2003, to five years' probation. Following the defendant's application for citizenship made in 2012, removal proceedings were initiated against him on the ground that his 2003 conviction was an aggravated felony mandating deportation (see 8 USC § 1101[a][43]). By notice of motion dated July 3, 2014, the defendant moved to vacate his judgment of conviction pursuant to CPL 440.10 on the ground that he had been denied his right to the effective assistance of counsel because his attorney provided him with incorrect advice regarding the immigration consequences of his plea. By order dated September 22, 2014, the Supreme Court denied the defendant's motion without a hearing. By decision and order dated November 18, 2015, this Court reversed the order dated September 22, 2014, and remitted the matter to the Supreme Court, Queens County, for a hearing and a new determination thereafter of the defendant's motion to vacate the judgment of conviction (see People v Pinto, 133 AD3d 787). By order dated December 7, 2016, the Supreme Court, after a hearing, denied the defendant's motion.
The defendant failed to demonstrate that he was deprived of the effective assistance of counsel under either the federal or state constitutional standards (see US Const Amend VI; NY Const, art I, § 6; Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137). Although Padilla v Kentucky (559 US 356) is inapplicable to this case because the defendant's conviction became final before Padilla was decided (see Chaidez v United States, 568 US 342; People v Baret, 23 NY3d 777, 782), prior to Padilla, the Court of Appeals held that inaccurate advice about the immigration consequences of a guilty plea constituted ineffective assistance of counsel under the Federal constitution (see People v McDonald, 1 NY3d 109, 111).
Nevertheless, the defendant in the present case failed to show that his trial counsel misadvised him that he would likely prevail in a removal proceeding. The defendant admitted at the hearing that he had previously lied under oath to avoid deportation, and the Supreme Court found the defendant's unspecific testimony that he was misadvised not to be credible. Considering the testimony at the hearing, and giving deference to the court's credibility determination (see People v Davidson, 150 AD3d 1142), we agree with the court's determination denying the defendant's motion (see People v Galan, 116 AD3d 787, 789).
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court