People v Shaw (2019 NY Slip Op 05585)





People v Shaw


2019 NY Slip Op 05585


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

108218

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DAVID SHAW, Appellant.

Calendar Date: May 29, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Linda B. Johnson, East Greenbush, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal, by permission, from an order of the County Court of Rensselaer County (Ceresia, J.), entered January 22, 2016, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of murder in the second degree (two counts), without a hearing.
In 1973, defendant and Vincent Harris were charged by indictment with two counts of murder in the second degree. At trial, Joyce Shufelt testified that she enlisted the two men to beat up the victim, her former boyfriend. She also testified that she informed the men that they could take the keys to the victim's business and rob it. Shufelt testified that, on October 29, 1973, she drove defendant and Harris to the victim's house, where they waited for him, and, when he arrived, Harris fatally shot the victim with a gun provided by defendant. Defendant and Harris, neither of whom testified at trial, were each convicted as charged and sentenced to prison terms of 25 years to life on each count, to run concurrently. On appeal, this Court affirmed defendant's conviction, finding that Shufelt's accomplice testimony was corroborated by other evidence (49 AD2d 658 [1975]).
In June 2015, defendant moved to vacate his judgment of conviction pursuant to CPL 440.10 (1) (g) based on newly discovered evidence in the form of an affidavit from Harris stating that defendant was not present when the victim was shot and killed. County Court denied the motion without a hearing. Defendant appeals.
County Court did not err in denying defendant's motion without a hearing. CPL 440.10 (1) (g), which defendant relies upon here, permits a postjudgment application to vacate a judgment of conviction on the ground that "[n]ew evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his [or her] part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant." "[T]he affidavit of a codefendant who had [*2]previously exercised his [or her] 5th Amendment right not to testify" at a joint trial with the defendant, and who now seeks to exculpate the defendant, "may constitute newly discovered evidence" within the meaning of CPL 440.10 (1) (g) (People v Beach, 186 AD2d 935, 936 [1992]; see People v Staton, 224 AD2d 984, 984 [1996]). The court may vacate a defendant's judgment if the defendant shows that the newly discovered evidence fulfills all the following requirements: "(1) [i]t must be such as will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it must be such as could have not been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be cumulative to the former issue; and (6) it must not be merely impeaching or contradicting the former evidence" (People v Tucker, 40 AD3d 1213, 1214 [2007] [internal quotation marks and citations omitted], lv denied 9 NY3d 882 [2007]; see People v Salemi, 309 NY 208, 216 [1955], cert denied 350 US 950 [1956]; People v Lackey, 48 AD3d 982, 983 [2008], lv denied 10 NY3d 936 [2008]). "A hearing on a CPL 440.10 motion is only required where the defendant bases the motion upon nonrecord facts that are material and, if established, would entitle the defendant to relief" (People v Lalonde, 160 AD3d 1020, 1026 [2018] [internal quotation marks and citations omitted], lv denied 31 NY3d 1118 [2018]; see People v Satterfield, 66 NY2d 796, 799 [1985]; People v Pabon, 157 AD3d 1057, 1058 [2018], lv denied 31 NY3d 986 [2018]). The court has the discretion to determine whether the defendant is entitled to a hearing, and its determination will be not be disturbed absent an abuse of discretion (see People v Jones, 24 NY3d 623, 634-635 [2014]).
Harris' affidavit could constitute newly discovered evidence because he did not testify at his joint trial with defendant (see People v Staton, 224 AD2d at 984; People v Beach, 186 AD2d at 936). Nevertheless, defendant did not show that this new evidence would "probably change the result if a new trial [was] granted" (People v Tucker, 40 AD3d at 1214 [internal quotation marks and citations omitted]). Shufelt testified at trial that defendant was present at the time of the crime and provided Harris with the gun. In his 2015 affidavit, Harris averred that defendant had been with him and Shufelt earlier on the night of the crime but, after defendant went home, Harris and Shufelt returned to the victim's house, Shufelt gave him a gun and Harris approached and shot the victim. Harris specifically averred that defendant was not present at the time of the shooting and that they never discussed a plan to rob or shoot the victim. This affidavit was created more than 40 years after the crime and trial, and five years after Harris was released on parole, without any explanation for the delay. Moreover, these statements in Harris' affidavit are directly contradicted by statements he made in multiple appearances before the Board of Parole. Harris told the Board of Parole that defendant and Shufelt picked him up that night, the crime involved a planned robbery that had been arranged with defendant, defendant selected the victim, defendant produced a gun that Harris grabbed, Shufelt remained in the car while "we" (i.e., Harris and defendant) confronted the victim, and Harris shot the victim.
This Court has already determined that Shufelt's testimony was adequately corroborated by other testimony and evidence (49 AD2d at 658-659). The portions of Harris' affidavit regarding the planning and earlier parts of the night of the murder corroborate some of Shufelt's testimony and other trial evidence. The only exculpatory parts of Harris' affidavit are directly contradicted by his own prior statements at parole hearings, which would undoubtedly lead to rigorous impeachment at a trial. The affidavit does not address Harris' statements to the Board of Parole or explain why he previously implicated defendant and has now changed his story (see People v McGuire, 44 AD3d 968, 968 [2007], lv denied 10 NY3d 813 [2008]). No other evidence at trial supports the version of events in Harris' affidavit. Under the circumstances, defendant has failed to show that Harris' statement would probably, and not merely possibly, change the result at any new trial (see People v Smith, 108 AD3d 1075, 1076-1077 [2013], lv denied 21 NY3d 1077 [2013]; People v Medina, 79 AD3d 909, 910 [2010], lv denied 17 NY3d 798 [2011]; People v McGuire, 44 AD3d at 968-969; People v Milea, 184 AD2d 791, 792 [1992], lv denied 80 NY2d 975 [1992]). As defendant did not show the existence of nonrecord facts that were material and would entitle him to relief, County Court did not err in denying the motion without a hearing (see People v LaPierre, 108 AD3d 945, 946 [2013]).
Garry, P.J., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed.