People v Jefferson (2024 NY Slip Op 03898)

People v Jefferson

2024 NY Slip Op 03898

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2019-08030
 (Ind. No. 4284/91)

[*1]The People of the State of New York, respondent,
v
Earl Jefferson, appellant. 

Mischel & Horn, P.C. (Richard E. Mischel of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Michael Bierce of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Miriam Cyrulnik, J.), dated May 30, 2019, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Edward Rappaport, J.) rendered June 4, 1992, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
Contrary to the defendant's contention, the Supreme Court properly denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground of actual innocence. After a hearing, the court determined that the alleged new evidence, consisting of an identification recantation that was then itself recanted, was not reliable and, thus, insufficient to establish that the defendant was factually innocent (see People v Fraser, 165 AD3d 697, 699; People v Hamilton, 115 AD3d 12, 23).
Contrary to the defendant's contention, the Supreme Court also properly denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground of newly discovered evidence. The defendant failed to meet his burden of demonstrating that the aforesaid recantation and the retraction of that recantation would probably change the result if a new trial were granted (see People v Jenkins, 84 AD3d 1403, 1405-1406; People v McGuire, 44 AD3d 968, 968-969).
The defendant's remaining contentions either are not properly before this Court or do not warrant reversal.
DUFFY, J.P., WOOTEN, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court